UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER, | CASE No. 1:14-cv-00115-AWI-MJS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STAY THIS ACTION AND APPOINT COUNSEL |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (ECF No. 13) |
| Defendants. | |

Plaintiff Jason S. Harper is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On June 16, 2014, Plaintiff filed a motion for an indefinite stay of these proceedings and the appointment of counsel. (ECF No. 13.) His request is based on the fact he currently is suffering from debilitating mental health issues that leave him unable to prosecute his claims. (Id.)

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706–07 (1997). Plaintiff's ability to litigate this matter may very well be impaired by his current situation.

1


However, the Court will not grant an indefinite stay. The Court's docket is full of similar cases and it cannot afford to hold such actions open indefinitely. See, e.g., Sims v. Lopez, 2012 WL 4801128 (E.D. Cal. Oct. 9, 2012).

At this stage in the proceedings Plaintiff has an absolute right to voluntarily withdraw his complaint without prejudice and, subject to compliance with applicable statues of limitations and other procedural requirements, refile at a later date. Fed. R. Civ. P. 41(a)(1).

The Court also finds that the appointment of counsel is not warranted. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled en banc on other grounds, 154 F.3d 952, 954 n. 1 (9th Cir. 1998)), and the Court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (Internal quotation marks and citations omitted.)

Based on a review of the record in this case, the Court finds that Plaintiff can adequately articulate his claims. The motion presently before the Court demonstrates that Plaintiff is able to communicate his position. On May 8, 2014, Plaintiff responded to the Court's screening order and elected to proceed on his cognizable claims. On June 18, 2014, Plaintiff properly submitted the documents necessary to serve the Defendants. The Court does not find that the assistance of counsel is necessary.

For the foregoing reasons, Plaintiff's Motion to Stay this Case and Appoint

Counsel (ECF No. 13) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   June 24, 2024                   /s/ *Michael J. Seng*
                                                             UNITED STATES MAGISTRATE JUDGE