UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER, | CASE No. 1:14-cv-00115-AWI-MJS |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR AN INDEFINITE STAY |
| v. | (ECF No. 41) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff Jason S. Harper is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On January 30, 2015, Plaintiff filed a motion for an indefinite stay. (ECF No. 41.) He asks the court to stay proceedings until 30 days after a state court issues rulings in two unrelated cases because: (1) one of the rulings will better enable Plaintiff to oppose the motion for summary judgment in the instant case (ECF No. 35); and (2) the delay will give him additional time "to come back to the institution[1] to receive his property and

---

[1] Plaintiff does not make clear which institution he means. He mentions "being transferred back to the Riverside Courthouse without his property (legal documents)." The Court is not certain whether Plaintiff means he himself will be or has been transferred somewhere where he will not or does not have access to his documents, or whether one of his cases is being transferred, and somehow because of this he does not have his legal documents.

1

properly respond."

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706–07 (1997), citing Landis v. North American Co., 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." Id. at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972)(quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962)).

Neither of Plaintiff's proffered grounds demonstrates the need for a stay.  First, Plaintiff provides no reason why he might need a court order in an unrelated case to oppose the motion for summary judgment in this case.  Defendants here have moved for summary judgment on the grounds that plaintiff has not exhausted his administrative remedies. (ECF No. 35).  Plaintiff does not need a court order to show that he has, in fact, exhausted his administrative remedies.  To the extent that Plaintiff intends to argue, as he suggests he does, that there was "a denial of access to the appeals process" that prevented him from exhausting his remedies, he may make this argument and set forth facts supporting it in a sworn declaration without a court order.

Second, proceedings need not be stayed indefinitely to allow Plaintiff to regain access to his legal materials.  There is no reason to believe that this transfer will result in anything but a temporary separation between Plaintiff and his property. Such a temporary obstacle to meeting filing deadlines does not justify an indefinite stay. See Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000)(strength of justification for stay should balance length of any stay granted).

Additionally, staying this action would create a risk of prejudice to the Defendant. "[D]elay inherently increases the risk that witnesses' memories will fade and evidence

will become stale". <u>Davis v. Walker</u>, 745 F.3d 1303, 1309 (9th Cir. 2014)(citations omitted); <u>see</u> <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976)(a presumption of injury arises from delay in resolving an action). Delay also disrupts the Court's schedules.

If Plaintiff needs a discrete, limited extension of time to meet a deadline set by this Court, he may request it, along with an explanation of why the extension is necessary. See <u>Eldridge v. Block</u>, 832 F.2d 1132, 1136 (9th Cir. 1987).  Lack of access to legal documents is an acceptable ground for an extension of time.  <u>Id.</u>; <u>see also, e.g.</u>, <u>Bennett v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002).

For the foregoing reasons, Plaintiff's Motion for an Indefinite Stay (ECF No. 41) is DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   February 6, 2015              /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE