UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON S. HARPER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | CASE No. 1:14-cv-00115-AWI-MJS<br><br>**FINDINGS AND RECOMMENDATION TO:**<br><br>**(1) GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF No. 35)**<br><br>**(2) DENY PLAINTIFF'S MOTION TO FIND EXHAUSTION WAS THWARTED BY STAFF (ECF No. 33)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Jason S. Harper is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On January 12, 2015, Defendant moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF No. 35). Plaintiff filed an opposition (ECF No. 42), and Defendants filed a reply (ECF No. 47). In addition, Plaintiff filed a Motion to for an order to find exhaustion was thwarted by Defendants (ECF No.

1

33), to which Defendants filed an opposition (ECF No. 43). Inasmuch as both Plaintiff's motion and Defendants' motion for summary judgment involve the same underlying facts and analysis of the same legal standards, the Court will address them both together here.

## II.     LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT

Any party may move for summary judgment, and "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed R. Civ. P. 56(c)(1).

"Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). If the burden of proof at trial rests with the nonmoving party, then the moving party need only point to "an absence of evidence to support the nonmoving party's case." Id. Once the moving party has met its burden, the nonmoving party must point to "specific facts showing that there is a genuine issue for trial." Id. (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).

In evaluating the evidence, "the [C]ourt does not make credibility determinations or weigh conflicting evidence," and "it draws all inferences in the light most favorable to

the nonmoving party." Id.

**III. FACTUAL SUMMARY**

The Court finds that the following facts are undisputed:

Plaintiff's cell at Corcoran Substance Abuse Treatment Facility was searched and Plaintiff was allegedly restrained with excessive force by Defendants Huffman and Curry on August 11, 2013.

On September 5, 2013, Plaintiff lodged Appeal Log No. SATF-D-13-03708 with the Appeals Office. The appeal discussed the cell search, seizure of Plaintiff's personal items, use of force, and retaliation. The grievance was processed for first level review and granted in part on October 22, 2013. Plaintiff had 30 days to seek second level review. CAL. CODE REGS. tit. 15 § 3084.8(b)(3). Plaintiff's second-level appeal, dated November 20, 2013, was received at the second-level appeal office on December 6, 2013. The reviewer cancelled the appeal that day because it was filed outside of the 30-day time limit. Plaintiff had thirty days within which to appeal the cancellation in a separate appeal. CAL. CODE REGS. tit. 15 §§ 3084.8(b)(3), 3084.6(e). Plaintiff did not appeal the cancellation within the time limit. In April 2014, three months after Plaintiff had filed suit in the instant action, the appeals office sent Plaintiff a form requesting an amended response to Appeal Log. No. SATF-D-03708. Plaintiff sent numerous inquiries regarding the nature of the response requested. In August 2014, he appealed the original cancellation of Appeal Log. No. SATF-D-03708; this appeal was rejected at the first level for failure to meet the 30-day time limit for appealing cancellations. (ECF No. 33, at 32.)

After Plaintiff was charged with an RVR for "Resisting Staff Resulting in the Use of Force" in connection with the incident on August 11, 2013, Plaintiff filed Appeal Log No.

SATF-D-13-03689. In this appeal, he complained that the RVR did not list all witnesses to the incident and reiterated his challenge regarding Huffman's use of force. The appeal was received and rejected at the first level of review on September 16, 2013 because Plaintiff had not attached supporting documents. After Plaintiff corrected this deficiency, the appeal was denied at the second level on November 7, 2013. Plaintiff's appeal to the third level was rejected on December 10, 2013 for lack of supporting documentation. Plaintiff resubmitted the appeal on February 24, 2014 (by which time Plaintiff had already filed suit in the instant action) and it was cancelled for failure to file within the 30-day time limit. Plaintiff did not appeal the cancellation.

**IV. PARTIES' ARGUMENTS**

   **A. Defendants' Arguments**

Defendants argue that Plaintiff did not properly exhaust his administrative remedies. They acknowledge that Plaintiff filed two grievances relating to the incident giving rise to the claims in this action, but argue that he never completed the appeals process. Defendants point out that Appeal Log No. SATF-D-13-03708 was cancelled at the second level because the appeals office did not receive it within the 30-day window, and that Appeal Log No. SATF-D-13-03689 was rejected at the third level for failure to include supporting documentation. They observe that Plaintiff did not appeal the cancellation or rejection. They argue in their reply (ECF No. 47) and their opposition to plaintiff's motion (ECF No. 43) that the actions Plaintiff claims "thwarted" exhaustion occurred subsequent to the filing of his complaint, and thus should not affect the analysis of whether administrative remedies were exhausted before the suit was initiated.

   **B. Plaintiff's Arguments**

Plaintiff does not dispute that he never fully exhausted Appeal Log No. SATF-D-

4

13-03708 or Appeal Log No. SATF-D-13-03689. Instead, he argues that the administrative remedy was rendered effectively unavailable by appeals coordinators' obstructive tactics. Specifically, he alleges that CDCR officials "join together to harass… and retaliate… against Plaintiff with a combination of unethical acts, refuse to answer,… use the inmate appeals screening form… to manipulate improper, excessive and repetitive delays… detaching inmate's supporting documentations from 602 to inmate with written statement refusing to process 602 because no supporting documents accompany 602, in screening out 602s." (ECF No. 42, at 4). He states that CDCR's conduct amounts to "moral turpitude." (Id.)

However, Plaintiff does not indicate that the cancellation of Appeal Log No. SATF-D-13-03708 on December 6, 2013 or the rejection of Appeal Log No. SATF-D-13-03689 on December 10, 2013 was improper. Rather, he devotes the bulk of his opposition to the motion for summary judgment (ECF No. 42) and the motion for an order finding that his administrative remedies were thwarted (ECF No. 33) to challenging CDCR's allegedly dilatory tactics in 2014, after he had already initiated the present litigation.

**IV.    DISCUSSION**

    **A.    Legal Standard -- Exhaustion**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the

prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." *Id.* Instead, the grievance must alert "'the prison to the nature of the wrong for which redress is sought,'" Id. at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)), and must give the prison an opportunity "to reach the merits of the issue." *Id.* at 1119.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. *Id.* A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The "defendant need only show the existence of . . . [a grievance procedure] that the plaintiff did not use." Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778, n.5 (9th Cir. 1996)).

An inmate may be excused from the exhaustion requirement where administrative remedies were "effectively unavailable." Albino, 747 F.3d at 1173 (citing Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010)). An administrative remedy may be "effectively unavailable" where prison officials fail to respond to a properly filed grievance, Sapp v. Kimbrell, 623 F.3d 813, 822-823 (9th Cir. 2010); erroneously inform inmates that additional paperwork is necessary, causing the inmate to miss filing deadlines, Nunez, 591 F.3d at 1226; or fail to provide an inmate with either grievance forms or information about the grievance procedure, despite his complaints or requests.

Albino, 747 F.3d at 1177; see also Marella v. Terhune, 568 F.3d 1024, 1027 (9th Cir. 2009) (inmate would not fail to timely file where he did not have access to the necessary forms within the filing time period).

**C.  Analysis**

Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Defendants have demonstrated an absence of a genuine dispute of material fact on the issue of exhaustion.

Defendants have shown that Plaintiff failed to obtain a third-level disposition of either Appeal Log No. SATF-D-13-03708 or Appeal Log No. SATF-D-13-03689, the only two appeals relevant to the underlying facts of this case, and that Plaintiff also failed to timely appeal the respective rejection and cancellation of these appeals.

Plaintiff, for his part, has provided no evidence that he did, in fact: (1) successfully exhaust either of the above appeals; (2) successfully appeal the cancellation or rejection of either appeal; or (3) file a separate appeal on the same issues that he did properly exhaust.

Nor has he provided evidence that administrative remedies were rendered effectively unavailable.  Although he makes general allegations of impropriety, "moral turpitude," and deliberate delay on the part of CDCR, he does not argue, much less support such argument with concrete evidence, that either the cancellation of Appeal Log No. SATF-D-13-03708 or the rejection of Appeal Log No. SATF-D-13-03689 was made for improper reasons.  That is, he does not suggest that his second level appeal in SATF-D-13-03708 was in fact timely filed, or that his third-level appeal in SATF-D-13-03689 did have all the required documents attached.

CDCR conduct after January 2014 is irrelevant to the Court's analysis because it

7

occurred after the filing of the complaint.  The PLRA requires administrative remedies to have been exhausted *prior* to the filing of a federal lawsuit. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 211 (2007).  The undisputed facts in this case indicate that this requirement was not met.

**VI. CONCLUSION AND RECOMMENDATION**

The Court finds that Plaintiff has not met his burden of putting forth sufficient evidence to raise a triable issue of fact regarding exhaustion. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 35) be GRANTED, and Plaintiff's motion to find efforts to exhaust were thwarted (ECF No. 33) be DENIED, thus concluding this action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   May 11, 2015                              /s/ *Michael J. Seng*
                                                              UNITED STATES MAGISTRATE JUDGE